IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00696-RM-KLM

NIESHA LEAKS,

      Plaintiff,

v.

MICHAEL GRAVES,

      Defendant.

_____

# ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Defendant's **Unopposed Motion to Stay Discovery Pending Resolution of the Defendant's Motion for Summary Judgment** [#23][1] (the "Motion"). Defendant asks the Court to stay discovery in this case until after the District Judge rules on the qualified immunity issue raised in Defendant's pending Motion for Summary Judgment [#21]. If granted, the Motion for Summary Judgment would dispose of the sole claim against the sole Defendant. The discovery deadline is January 22, 2015, and the dispositive motions deadline is February 23, 2015. *See Minute Entry* [#13].

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be

_____

[1]  "[#23]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted). The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

However, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) claims against individual governmental officials in their individual capacities, not their official capacities. *Rome*, 225 F.R.D. at 643 (citations omitted). Here, the sole claim made in this case is subject to the qualified immunity defense, because Defendant is a government official, Plaintiff only seeks damages, and the sole claim is asserted against Defendant in his individual capacity only. *Compl.* [#1] at 3-4. Thus, the Court finds that a stay of the discovery and dispositive motions deadlines is warranted here. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#23] is **GRANTED**. All discovery is **stayed** pending resolution of Defendant's Motion for Summary Judgment [#21].

DATED: January 8, 2015 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge